IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt (Southern) Division

| | |
|---|---|
| KWAME ASAFO-ADJEI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. _____ |
| ) | |
| FIRST SAVINGS MORTGAGE CORP., ) | |
| ) | |
| ANDREW MAC TIGUE, ) | |
| ) | |
| DR. GEORGE BONNEY, ) | |
| ) | |
| HAL J. EPSTEIN, ) | |
| ) | |
| HOMECOMINGS FINANCIAL, ) | |
| ) | |
| WILSHIRE CREDIT CORPORATION, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Homecomings Financial LLC ("Homecomings"), by counsel, hereby removes this action from the Circuit Court for Montgomery County, Maryland to the United States District Court for the District of Maryland, Greenbelt (Southern) Division. Removal is proper because this Court has subject matter jurisdiction over this action under federal question jurisdiction pursuant to 28 U.S.C. § 1331.

STATEMENT OF GROUNDS OF REMOVAL

**I.    Background**

1.    On July 14, 2009, Plaintiff Kwame Asafo-Adjei filed a Complaint (hereinafter "Complaint") against Defendants in the Circuit Court for Montgomery County,

Maryland. A copy of the Complaint filed in state court is attached hereto as **Exhibit A**. Plaintiff's claims arise out of an alleged mortgage transaction entered into by Plaintiff in August of 2005.

2. Homecomings received a copy of the Complaint on July 28, 2009 by U.S. certified mail. Accordingly this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

3. In his Complaint, Plaintiff appears to assert four claims against Defendant Homecomings: (i) Violation of the Truth in Lending Act, 15 U.S.C. §§ 1601, *et seq.* ("TILA"); (ii) Violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA"); (iii) Common Law Fraud; and (iv) Conspiracy to Commit Fraud.

4. Plaintiff seeks (i) rescission of a residential mortgage transaction; (ii) "restitution . . . of all the money paid under the contract;" (iii) "damages for the infliction of emotional harm in the sum of Five Million Dollars ($5,000,000);" (iv) interest and costs; and (v) "an order granting Plaintiff a clear credit record." (Compl. ¶ 33).

5. Homecomings denies the allegations in the Complaint, denies the Plaintiff has stated a claim for which relief may be granted, and denies that Plaintiff has been damaged in any manner. Nevertheless, assuming, for jurisdictional purposes only, that Plaintiff's claims are valid, he could have originally filed his Complaint in this Court under federal question and supplemental jurisdiction. Removal of this entire case is therefore proper under 28 U.S.C. § 1441.

**II.   Federal Jursidiction**

    **A.   Federal question jurisdiction exists over Plaintiff's claims.**

6. Federal question jurisdiction pursuant to 28 U.S.C. § 1331 exists over this action because Plaintiff appears to assert claims in his Complaint that involve questions that will

2

require resolution of significant, disputed issues of federal law under, including but not necessarily limited to TILA and FCRA.[1]

7. It is well established that federal jurisdiction exists even when the complaint purports to assert only state law claims if the resolution of those claims depends on significant questions of federal law. *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 303, 312 (2005).

8. Plaintiff's rescission claim rests upon the proposition that Plaintiff's "[r]escission rights exist under Federal Statutory Law" for Homecomings' alleged violation of TILA.[2]

9. TILA provides consumers three days in which they may rescind any residential mortgage transaction. 15 U.S.C. § 1635(a). This three-day long rescission period is extended to three years if important TILA disclosures were not provided at the time of the original credit transaction. *Id.* § 1635(f).

10. Plaintiff further alleges that "Homecomings caused the Credit Bureau to damage Plaintiff's credit and caused his credit card to be revoked." (Compl. ¶ 31). In so doing, Plaintiffs attempts to allege a claim against Homecomings for violation of the FCRA.

11. FCRA establishes the duty of a furnisher of information to refrain from providing inaccurate information to consumer reporting agencies and to correct and update

---

[1] Defendant bases its belief that TILA and FCRA govern Plaintiff's claims on Homecomings' initial interpretation of the conclusory and vague allegations set forth in the Complaint.

[2] Plaintiff seeks rescission of the mortgage transaction. (Compl., ¶ 33). Although the Complaint references an October 09, 2008 "Notice of Rescission" (Compl., ¶ 27), no copy of the Notice of Rescission was attached to the Complaint. Homecomings hereby attaches a copy of the October 09, 2008 Notice of Rescission presumably referenced in Plaintiff's Complaint as **Exhibit B**. Under the heading "RESCISSION," Plaintiff's Notice of Rescission states "Rescission rights exist under Federal Statutory Law (Truth in Lending Act - TILA . . . )." Ex. B, page 8. Thus, the Notice of Rescission clearly states that Plaintiff's claim for rescission is based on TILA.

3

information when it determines that the information is not correct or complete. *See, e.g.*, 15 U.S.C. § 1681s-2.

12.     Although Plaintiff's artlessly pled Complaint does not specifically invoke the rights and remedies of TILA or FCRA, it nevertheless alleges, in substance, TILA and FCRA violations.

13.     To determine whether Plaintiffs' claims are valid, the Court will have to decide whether Homecomings violated the requirements of TILA and FCRA. Accordingly, the outcome of this case depends upon a substantial question of federal law and qualifies for federal question jurisdiction. *See Grable & Sons Metal Prods.*, 545 U.S. at 312.

14.     Other federal courts have allowed removal of state law claims that require a ruling on TILA or FCRA. *Kuechler v. The Peoples Bank*, 602 F. Supp. 2d 625, 627 (D. Md. 2009) (removal of TILA claims and state law claims); *Cox v. Beneficial Kansas, Inc.*, 2005 U.S. Dist. LEXIS 4168, at *12 (D. Kansas March 9, 2005) (removal of FCRA claims).

15.     Accordingly, because Plaintiff's Complaint requires a ruling on TILA and FCRA, this case qualifies for federal question jurisdiction and is removable.

**B.     All remaining claims are within the Court's supplemental jurisdiction.**

16.     Because the Court has federal question jurisdiction over the claims discussed above, this Court has supplemental jurisdiction over all remaining claims. *See* 28 U.S.C. § 1367.

**III.   Venue**

17.     Venue is proper in this Court because this district and division encompass the Circuit Court for Montgomery County, Maryland, the forum from which the case has been removed. *See* 28 U.S.C. § 1441.

## IV. Notice

18. Concurrent with the filing of this Notice, Homecomings will file a copy of this Notice of Removal with the Clerk of the Circuit Court for Montgomery County, Maryland, a copy of which is attached hereto as **Exhibit C**.

WHEREFORE, Defendant Homecomings Financial LLC, by counsel, hereby removes this action to this Court.

**HOMECOMINGS FINANCIAL LLC**

By: _____
                    Of Counsel

John C. Lynch (MD Bar No. 12963)
*Counsel for Homecomings Financial LLC*
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA  23462
Telephone:  (757) 687-7765
Facsimile:  (757) 687-1504
E-mail: john.lynch@troutmansanders.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
**Greenbelt (Southern) Division**

| | | |
|---|---|---|
| KWAME ASAFO-ADJEI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| FIRST SAVINGS MORTGAGE CORP., | ) | |
| | ) | |
| ANDREW MAC TIGUE, | ) | |
| | ) | |
| DR. GEORGE BONNEY, | ) | |
| | ) | |
| HAL J. EPSTEIN, | ) | |
| | ) | |
| HOMECOMINGS FINANCIAL, | ) | |
| | ) | |
| WILSHIRE CREDIT CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of August, 2009, a true and correct copy of the foregoing Notice of Removal was sent via Federal Express to the following:

Kwame Asafo-Adjei
6025 Old Harford Road
Baltimore, MD 21214

First Savings Mortgage Corp.
8444 Westpark Drive, 4th Floor
McLean, VA 22102

Andrew MacTigue
First Savings Mortgage Corporation
6550 Rock Spring Drive, Suite 3000
Bethesda, MD 20817

Dr. George Bonney
17601 Olney Lane
Rockville, MD 20853

Hal J. Epstein, Esq.
White Oak Professional Park
11201 B Lockwood Drive
Silver Spring, MD 20901

And via certified mail, with return receipt requested, to the following:

Wilshire Credit Corporation
P.O. Box 105344
Atlanta, Georgia 30348-5344

/s/ John C. Lynch
John C. Lynch (MD Bar No. 12963)
*Counsel for Homecomings Financial LLC*
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7765
Facsimile: (757) 687-1504
E-mail: john.lynch@troutmansanders.com

1859334v1