IN THE CIRCUIT FOR MONTGOMERY COUNTY, MARYLAND

KWAME ASAFO-ADJEI
6025 OLD HARFORD RD
BALTIMORE, MD 21214

V

FIRST SAVINGS MORTGAGE CORP
8444 WESTPARK DRIVE – 4TH FLOOR
McCLEAN, VA 22102

ANDREW MAC TIGUE
FIRST SAVINGS MORTGATE CORPORATION
6550 ROCK SPRING DR. SUITE 300.
BETHESDA MD 208175

DR. GEORGE BONNEY
17601 OLNEY LANE
ROCKVILLE MD 20853

HAL J. EPSTEIN
ATTORNEY AT LAW
WHITE OAK PROFESSIONAL PARK
11201 B LOCKWOOD DRIVE
SILVER SPRING MD 20901



HOMECOMINGS FINANCIAL: ACC #7439873969
CUSTOMER CARE
P.O. BOX 205
WATERLOO, IA 50704-0205

WILSHIRE CREDIT CORPORATION LOAN #1324898
P.O. BOX 105344
ATLANTA, GA 30348-5344

KWAME ASAFO-ADJEI (hereinafter "Kwame"), sues First Mortgage Corporation and the others (herein after"Defendants"), Defendants, and states:

1. Plaintiff is a resident of Baltimore City, Maryland..
2. First Mortgage Corporation is a Virginia Corporation organized and existing under the laws of the State of Virginia. Defendant is engaged in the business of loan financing and does business in the State of Maryland. Homecomings


EXHIBIT A

Financial and Wilshire Corporation actively conspired, connived and acted in concert with the First Savings Mortgage Corporation.

3. Andrew Mac Tigue (hereinafter "Andrew") is an individual whose residence is unknown. Andrew is and at all times relevant hereto a Loan Officer of First Savings, Corporation (hereinafter "Corporation"), and was an agent, servant and employee of Corporation.

4. On or about December 2004 the Botan Group LLC by its resident Manager, George Bonney contracted for the sale of lands 14106 and 14100 OLD COLUMBIA PIKE, BURTONSVILLE, MD 20866, with seller KATHLEEN C. BARRY, at the price of $745,000 subject to buyers acquisition of financing.

5. On or about July-August 2005, seller BARRY informed George Bonney that she the seller was willing and able to get the Botan Group the necessary financing to complete the sale.

6. Cathleen C. Barry brought herself, George Bonney and the First Mortgage Corporation into negotiations for the loan financing.

7. Andrew, the Corporation Loan Officer, processed the loan financing and dealt solely with George Bonney.

8. George Bonney informed the group that the Corporation claims that the Botan LLC did not have sufficient credit background and would only grant the loan in the name of all the members of the company as guarantors of the Botan company.

9. George informed Kwame that the Corporation had granted the loan and that Kwame and George were to go to the Corporation offices to sign some papers on behalf of the Botan group, which I did sign.

10. In August 2005 George informed the Botan group that the loan had been granted to the group and invited the group, with Lydia Amoakohene, flying from Arkansas, to the offices of Hal. J. Epstein for the settlement process.

11. At the settlement, Attorney Hal J. Epstein made all the members sit at a round table and without any explanation whatsoever, a heap of documents were passed around and were made to append our signatures at specified areas with the understanding that all the members had equal rights and responsibilities to the loan undertaking.

12. On top of the heap of papers was the DEED bearing the four names of the members of the group.

13. In July 2008, the LOAN COMPLIANCE ADVISORY GROUP LLC, a private group which investigates predatory lending practices of banks, studied the loan agreement herein and discovered that the loan herein, which was proffered to have been given to the four members of the Botan group, had rather been granted and issued in the sole name of KWAME ASAFO-ADJEI.

14. That the corporation had facilitated the loan by using fictitious information to make Kwame Asafo-Adjei eligible for a loan of $745,000 without my knowledge and consent.

15. The Corporation imputed the following information to Kwame Asafo-Adjei to award and grant the loan herein. MONTHLY INCOME AND COMBINED HOUSING EXPENSE:

16. MONTHLY BASE EMPLOYMENT INCOME         $14,583.33
17. MONTHLY HOUSING EXPENSES               $ 1,280.00
18. BANK OF AMERICA ACCT. NO. 003939530509 $96,106.61
19. BANK OF AMERICA ACCT. NO. E1000063084506 $50,267.65
20. TOTAL LIQUID ASSETS                    $146,374.26
21. REAL ESTATES OWNED                     $250,000.00
22. TOTAL ASSETS                           $396,374.20
23. Kwame Asafo-Adjei is a Maryland State employee and receives a monthly pay of $4,660.82
24. Kwame Asafo-Adjei does not operate an account with the Bank of America.
25. Kwame Asafo-Adjei has never applied for, negotiated for, nor appointed any agent or person to contract for or obtain any loan for or on his behalf. Kwame Asafo-Adjei never knew any corporation officer and was never involved in any way in the loan negotiation. The only member of the Botan Group who interacted with the corporation was George Bonney and he claims no knowledge of how the Corporation came to adopt Kwame Asafo-Adjei's name and the false information to create and grant the loan.
26. The information gained by the Loans Compliance Advisory Group was that the Corporation used Kwame Asafo-Adjei's name and identity for the loan because he had an excellent credit record.
27. Upon the findings of the blatant fraud and crime herein, the Loan Compliance Advisory Group by their attorney, Neil F. Garfield and on behalf of the petitioner and members of the Botan group, duly served a Notice of Rescission dated 10/09/08 on all the defendants herein, in an effort to amicably settle this matter out of court. [Attached Exhibit A&B]
28. This good faith gesture of attorney Neil F. Garfield was rebuffed and the defendants by their attorney Samuel L. White, have foreclosed on the property and had a foreclosure sale on 6/8/09.
29. The foreclosure sale was undertaken at the behest of Homecomings Financial with full knowledge of the criminal fraud involved in the loan transaction.
30. Homecomings Financial and Wilshire Corporation collected and received all monies and mortgage payments arising out of the illegal, fraudulent loan transaction and are active parties to the fraud.
31. With the knowledge and evidence of the fraud, the Homecomings caused the Credit Bureau to damage Plaintiff's credit and caused his credit card to be revoked.
32. The defendants acts are intentional and have caused the plaintiff severe emotional distress. Plaintiff has suffered damages.

33. WHEREFORE, Plaintiff demands that this court enter an order rescinding the agreement attached hereto and grant such other and further relief as the case may require, including, but not limited to, restitution to plaintiff of all the moneys paid under the contract including mortgage payments to the defendants since the execution of the contract with interest and costs. In addition the Plaintiff seeks damages for the infliction of emotional harm in the sum of Five Million Dollars ($5,000,000), with interest and costs.

An order granting Plaintiff a CLEAR CREDIT RECORD.
Request trial by Jury.

Kwame Asafo-Adjei
6025 Old Harford Rd.
Baltimore, Md. 21214
410 254 3925

CERTIFICATE OF SERVICE

I hereby CERTIFY that on this 14th day of July 2009, a copy of the foregoing statement of claim was mailed first class mail, to all defendants herein.

Kwame Asafo-Adjei